**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

_____
                                    )
In re                               )
        TRICIA BAINTER              )        Chapter 13
                                    )        Case No. 20-11885
                        Debtor      )
                                    )
_____)

**SUPPLEMENT TO APPLICATION TO EMPLOY COUNSEL**

NOW COMES the Debtor, Tricia Bainter, and hereby submits this supplement to

her application for authority to retain Jason Sutton, Esq. as counsel to the Debtor, filed on

February 1, 2021 [Docket No. 49]. The Debtor submits the enclosed contingency fee

agreement governing the Debtor's retention of Jason Sutton, Esq., and the Law Office of

Sutton & Sutton, P.C. to pursue claims as a result of the auto accident she experienced

prior to the filing of her petition.

                                        Respectfully submitted,

                                        TRICIA BAINTER,
                                        By her attorney,

                                        */s/ Nicholas F. Ortiz*

                                        _____
                                        Nicholas F. Ortiz, BBO No. 655135
                                        Law Office of Nicholas F. Ortiz, P.C.
                                        50 Congress Street, Suite 540
                                        Boston, MA 02109
                                        (617) 338-9400
                                        nfo@mass-legal.com

Date: February 12, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within document was served on the following parties:

**By ECF:**

Carolyn Bankowski, Esq., Chapter 13 Trustee
John Fitzgerald, Esq., United States Trustee

**By Email:**

Tricia Bainter
Jason Sutton, Esq.

*/s/ Nicholas F. Ortiz*

_____
Nicholas F. Ortiz

Dated: February 12, 2021

# LAW OFFICE OF SUTTON & SUTTON, P.C.

## CONTINGENT FEE AGREEMENT

| | |
|---|---|
| **The Client:** | **Tricia Bainter** <br> **3510 Summit Drive** <br> **Bridgewater, MA 02324** |
| **Retains the Attorney:** | **Jason T. Sutton, Esq.** |
| **of the Law Firm:** | **Law Office of Sutton & Sutton, P.C.** <br> **448 Turnpike St., Suite I-2-B** <br> **South Easton, MA 02375** |

to perform the legal services mentioned in Paragraph (1) below. The Law Firm agrees to perform such services faithfully and with due diligence.

1.     The claims, controversies, and other matters with reference to which the services are to be performed are claims arising out of the incident which occurred and/or began on or about **November 26th 2017.**

2.     The contingency upon which compensation is to be paid is: Collection by any manner to include, but not limited to, judgment, settlement, compromise or release by the Client and/or Client's heirs, successors, nominees or assigns of any compensation relating to the damages sustained in Number (1) above.

3.     The Client is not to be liable to pay compensation otherwise than from amounts collected for the Client by the Law Firm, except as follows: Reasonable expenses and disbursements incurred by the Law Firm.

4.     The reasonable compensation to be paid on the foregoing contingency by the Client to the attorney, including that of any associate counsel and/or referral counsel, shall be thirty-three and one-third (33 1/3%) of the gross amount recovered for each matter separately, except that in the event such recovery is received following an appeal by either party, such compensation shall be forty percent (40%) of the gross amount recovered for each matter separately.

5.     The Client is in any event to be liable to the Law Firm for all out-of-pocket disbursements incurred in connection with these matters (e.g., record requests, filing fees, photostatic copies, international telephone charges, computer-assisted legal research costs, witness fees, travel, sheriff's fees, expenses of depositions, court transcripts, investigative expenses and other incidental expenses) and the Law Firm agrees to obtain the Client's prior approval before incurring any disbursements in excess of Five Hundred Dollars ($500.00).

6.     The Client hereby gives the Law Firm the exclusive right to take all legal steps to enforce the said claims and hereby further agrees not to settle these actions in any manner without the written consent of the Law Firm.

7.     The Law Firm shall have the right to withdraw from the case(s) if the Client has misrepresented or failed to disclose material facts to the Law Firm or if the Client fails to follow the Law Firm's advice.  In any of these events, the Client shall arrange at the Law Firm's request for a substitution of attorney or attorneys.

8.     The Law Firm shall have the right to refer the matter(s) to co-counsel if in the opinion of the Law Firm such referral is necessary.  The Law Firm will notify the Client of any contemplated referral to advise and seek the Client's approval.

9.     If it is necessary to file suit for the collection of any sums due to the Law Firm from the Client under this Agreement, the Client shall pay reasonable attorney's fees together with court costs for their collection.

10.    The Client acknowledges that the Law Firm has made no guarantees regarding the disposition of any phase of these matters and all expressions relative to it are only the opinion of the Law Firm.

11.    There is to be no change or waiver of any of the provisions of this Agreement unless the change is in writing and signed by both a member of the Firm and the Client.

12.    This Agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.

## I HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Each party hereto acknowledges receipt of an executed duplicate of this Agreement.

CLIENT:

_____
(signature)

Witness to Client's Signature:

_____
(signature)

Law Office of Sutton & Sutton, P.C.:

_____
(signature)

Copy Delivered to Client on:

_____11/30/17_____
Date